# IN THE UNITED STATES DISTRICT COURT
# OF THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **COMMITTEE OF 100, Inc.**<br>6 St. Johns Lane<br>New York, NY 10013<br><br>        **Plaintiff,**<br><br>        v.<br><br>**U.S. DEPARTMENT OF JUSTICE**,<br>950 Pennsylvania Ave. NW<br>Washington, D.C. 20530<br><br>**FEDERAL BUREAU OF INVESTIGATION**<br>950 Pennsylvania Ave. NW<br>Washington, D.C. 20530<br><br>        **Defendants.** | |

## COMPLAINT

1. Plaintiff, COMMITTEE OF 100, brings this Freedom of Information Act suit to force Defendants U.S. DEPARTMENT OF JUSTICE and FEDERAL BUREAU OF INVESTIGATION to produce records pertaining to each Defendant agency's records pertaining to the government's response to the rise of hate crimes perpetrated against Asian Americans, including concrete policies or practices each agency has implemented in its efforts to combat hate crimes. In violation of FOIA, Defendants have failed to conduct a reasonable search for the requested records, have failed to issue a determination within twenty business days, and have failed to produce the records promptly.

## PARTIES

2. Plaintiff, COMMITTEE OF 100, is a public interest non-profit organization with a mission to promote the full participation of all Chinese Americans in American society and acts as a public policy resource for the Chinese American community. The organization was founded

over thirty years ago by prominent members of the Chinese American community including world renowned architect I.M. Pei and cellist Yo-Yo Ma at the urging of Dr. Henry Kissinger. Today, the organization is led by former Secretary of Commerce Gary Locke, who was also the first Chinese American to serve as the U.S. ambassador to China and the only Chinese American to serve as a governor of any state. COMMITTEE OF 100 made the FOIA requests at issue in this case.

3. Defendant, U.S. DEPARTMENT OF JUSTICE (DOJ) is a federal agency within the meaning of 5 U.S.C. § 552(f) and is subject to FOIA.

4. Defendant, FEDERAL BUREAU OF INVESTIGATION (FBI), is a component of DOJ, a federal agency within the meaning of 5 U.S.C. § 552(f), and subject to FOIA.

## JURISDICTION AND VENUE

5. This case is brought under 5 U.S.C. § 552(a)(4)(B) and presents a federal question conferring jurisdiction on this Court. *See* 28 U.S.C. § 1331.

6. Venue is proper under 5 U.S.C. § 552(a)(4)(B).

## BACKGROUND

7. On March 8, 2022, Kristen Clarke, Assistant Attorney General, testified before the Senate Judiciary Committee of DOJ's efforts to combat a rise in hate crimes. Ex. 1.

8. In her testimony, AAG Clarke cited the FBI statistics that confirm that "in 2020, reported hate crimes rose to their highest levels in nearly two decades." *Id.* Over 60% of these crimes were "motivated by race and ethnicity." *Id.*

9. AAG Clarke testified that while "more than half of all hate crimes motivated by race and ethnicity targeted Black people," there was also a "shocking rise," an over 70% increase in 2020, in attacks on people of Asian descent. *Id.*

10. AAG Clarke identified three critical areas in which DOJ is "working to identify and combat hate: (i) enforcement, (ii) reporting, and (iii) community engagement." *Id.* at 4.

11. The COVID-19 Hate Crimes Act/Jabara-Geyer NO HATE Act authorizes three new grant programs, all of which will be administered through DOJ's Office of Justice Programs (OJP). *Id.* at 11.

12. AAG Clarke stated that DOJ already awarded "$21 million to investigate and prosecute hate crimes and assist hate crime victims" from its FY2021 funding and will "continue to use existing resources to combat hate in a manner consistent with the spirit of the law, and to prepare for implementation as soon as funding authorization occurs." *Id*. at 10-12.

13. Further, in its efforts to combat and prevent acts of hate, FBI created a "Multi-Cultural Engagement Council, composed of ethnic, religious, and community leaders, to improve cultural competence and sensitivity, and devise solutions to the threats facing these communities." *Id.* at 16; *see also* https://www.fbi.gov/about/community-outreach.

## MARCH 16, 2022 FOIA REQUEST TO DOJ

14. On March 16, 2022, Plaintiff COMMITTEE OF 100 submitted the following FOIA request, via email, to DOJ:

> [1] Records referencing all the state, local, and tribal agencies that were awarded grants, including the amount received by each grantee, in December 2021 to investigate and prosecute date crimes and assist hate crime victims as referenced in Appendix B of (pg. 17) of AAG Clarke's statement before the Senate Judiciary Committee dated March 8, 2022.
>
> [2] Records referencing all research projects that were provided funding by OJP's National Institute of Justice almost $7.5 million budget to support research designed to develop a better understanding of the phenomenon known as domestic radicalization and to advance evidence-based strategies for preventing and intervening in acts of domestic terrorism.

Ex. 2.

15. The timeframe of the request is from January 1, 2019, through the date the search for responsive records is conducted. *Id.*

16. On April 7, 2022, DOJ acknowledged receipt and assigned reference number 22-FOIA-00141 to the request. Ex. 3.

17. DOJ stated that the request falls within "unusual circumstances" under 5 U.S.C.§ 552 (a)(6)(B)(i)-(iii)(2018) and sought an extension "beyond the ten additional days provided by the statute." *Id.*

18. Having received no further correspondence from DOJ, COMMITTEE OF 100, sought a status update of the request on May 20, 2022. Ex. 4.

19. On May 24, 2022, DOJ stated that it is "continuing to process" the request and will provide a response as soon as they "finish processing" the request. *Id.*

20. As of the date of this filing, DOJ has not issued a determination and has not produced any records responsive to the request. Nor has the DOJ complied with the statutory requirement under 5 U.S.C. § 552(a)(7)(B)(ii) to furnish an estimated date of completion when requested.

**MARCH 15, 2022 FOIA REQUEST TO FBI**

21. On March 15, 2022, Plaintiff COMMITTEE OF 100 submitted a FOIA request to the FBI for the following records:

> [1] Records referencing FBI partnerships with national and local civil rights organizations as part of the efforts to combat and prevent acts of hate as referenced in Appendix A (pg. 15) of AAG Clarke's statement before the Senate Judiciary Committee dated March 8, 2022. We do not require all such records, but only records sufficient to identify the organizations;
>
> [2] All materials used at FBI seminars, workshops, and training sessions for federal and local law enforcement, religious organizations, and community groups to promote cooperation and provide education about civil rights statutes;
>
> [3] All materials used at FBI hate crimes training seminars for its new agents;

[4] Records referencing how the FBI defines historically underrepresented and targeted populations as referenced in Appendix A (pg. 15) of AAG Clarke's statement before the Senate Judiciary Committee dated March 8, 2022;

[5] Records referencing any special efforts FBI has made to reach out to historically underrepresented and targeted populations as referenced in Appendix A (pg. 15) of AAG Clarke's statement before the Senate Judiciary Committee dated March 8, 2022;

[6] All communications referencing the creation of the FBI Multi-Cultural Engagement Council;

[7] Records that identify the composition of the FBI Multi-Cultural Engagement Council;

[8] Records referencing any actions the FBI Multi-Cultural Engagement Council took to improve cultural competency and sensitivity;

[9] All communication between the FBI Multi-Cultural Engagement Council and the Director of the FBI, Christopher Wray;

[10] Communications between senior level staff of the FBI Head Office and any senior level staff at any of the 56 FBI field offices about cultural competency and sensitivity, recruitment efforts to attract racial or ethnic diverse candidates, retention data based on racial or ethnic background; [and]

[11] Records identifying or referencing efforts by the FBI to recruit and retain individuals from historically underrepresented populations.

The FBI's confirmation of request submission is attached as Exhibit 5.

22. The timeframe of the request is from January 1, 2019, through the date the search for responsive records is conducted. *Id.*

23. Having received no other communication from FBI, COMMITTEE OF 100 sought a status update from the FBI on May 20, 2022. Ex. 6.

24. On May 23, 2022, FBI stated that the request is presently in "Initial Processing, where the assigned analyst is searching for, retrieving and reviewing potentially responsive records." *Id.*

25. FBI also stated that the estimated date of completion is "1,929 days from the date FBI opened" the request. *Id.*

26. On May 25, 2022, FBI split the request into two parts and assigned reference numbers 1547060-000 and 1547061-000 to the request. Ex. 7.

27. On May 25, 2022, FBI denied expedited processing for 1547060-000 and 1547061-000. Ex. 8.

28. As of the date of this filing, FBI has not issued a determination and has not produced any records responsive to the request.

## COUNT I – DOJ'S FOIA VIOLATION: FAILURE TO ISSUE A DETERMINATION

29. The above paragraphs are incorporated herein.

30. Plaintiff's FOIA request seeks the disclosure of agency records and was properly made.

31. Defendant DOJ is a federal agency and subject to FOIA.

32. Included within the scope of the request are one or more records or portions of records that are not exempt under FOIA.

33. Defendant DOJ has failed to issue a determination within the statutory deadline.

## COUNT II – DOJ'S FOIA VIOLATION: FAILURE TO CONDUCT A REASONABLE SEARCH

34. The above paragraphs are incorporated herein.

35. Plaintiff's FOIA request seeks the disclosure of agency records and was properly made.

36. Defendant DOJ is a federal agency and subject to FOIA.

37. Included within the scope of the request are one or more records or portions of records that are not exempt under FOIA.

38. Defendant DOJ has failed to conduct a reasonable search for records responsive to the request.

### COUNT III – DOJ'S FOIA VIOLATION
### FAILURE TO PRODUCE RECORDS

39. The above paragraphs are incorporated herein.

40. Plaintiff's FOIA request seeks the disclosure of agency records and was properly made.

41. Defendant DOJ is a federal agency and subject to FOIA.

42. Included within the scope of the request are one or more records or portions of records that are not exempt under FOIA.

43. DOJ has failed to produce records responsive to the request.

### COUNT IV – FBI'S FOIA VIOLATION:
### FAILURE TO ISSUE A DETERMINATION

44. The above paragraphs are incorporated herein.

45. Plaintiff's FOIA request seeks the disclosure of agency records and was properly made.

46. Defendant FBI is a federal agency and subject to FOIA.

47. Included within the scope of the request are one or more records or portions of records that are not exempt under FOIA.

48. Defendant FBI has failed to issue a determination within the statutory deadline.

### COUNT V – FBI'S FOIA VIOLATION:
### FAILURE TO CONDUCT A REASONABLE SEARCH

49. The above paragraphs are incorporated herein.

50. Plaintiff's FOIA request seeks the disclosure of agency records and was properly made.

51. Defendant FBI is a federal agency and subject to FOIA.

52. Included within the scope of the request are one or more records or portions of records that are not exempt under FOIA.

53. Defendant FBI has failed to conduct a reasonable search for records responsive to the request.

### COUNT VI – FBI'S FOIA VIOLATION: FAILURE TO PRODUCE RECORDS

54. The above paragraphs are incorporated herein.

55. Plaintiff's request seeks the disclosure of agency records and was properly made.

56. Defendant FBI is a federal agency and subject to FOIA.

57. Included within the scope of the request are one or more records or portions of records that are not exempt under FOIA.

58. FBI has failed to produce records responsive to the request

### REQUESTED RELIEF

WHEREFORE, Plaintiff asks the Court to:

　i.　declare that Defendants have violated FOIA;

　ii.　order Defendants to conduct a reasonable search for records;

　iii.　order Defendants to issue a determination where appropriate;

　iv.　order Defendants to produce all non-exempt requested records or portions of records promptly;

　v.　enjoin Defendants from withholding non-exempt public records under FOIA;

　vi.　award Plaintiff attorneys' fees and costs; and

　vii.　award such other relief the Court considers appropriate.

Dated:  June 23, 2022

RESPECTFULLY SUBMITTED,

*/s/ Matthew Topic*

Attorney for Plaintiff,
COMMITTEE OF 100, Inc.

Matthew Topic, D.C. Bar No. IL 0037
Josh Loevy, D.C. Bar No. IL0105
Merrick Wayne, D.C. Bar No. IL 0058
Shelley Geiszler D.C. Bar No. IL 0087
LOEVY & LOEVY
311 North Aberdeen, 3rd Floor
Chicago, IL 60607
312-243-5900
foia@loevy.com